**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**THEODORE LOVETTE JOHNSON,**

        **Plaintiff,**

  vs.                                    Civil Action 2:08-CV-226
                                                  Judge Smith
                                                  Magistrate Judge King

**OHIO DEPARTMENT OF REHABILITATION**
**AND CORRECTIONS,** *et al.***,**

        **Defendants.**

### REPORT AND RECOMMENDATION

        Plaintiff, currently detained in the Licking County Justice Center awaiting resolution of criminal prosecutions against him, brings this action under 42 U.S.C. §1983 and the Religious Freedom Restoration Act ("RFRA"), 42 U.S.C. §2000bb *et seq*.,[1] against the Ohio Department of Rehabilitation and Correction ("ODRC") and certain of its officials. Specifically, plaintiff, who identifies himself as an adherent of the Rastafarian faith, alleges that he expects to be convicted of at least one felony offense and sentenced to the custody of the ODRC. *Complaint*, Doc. No. 4. Plaintiff asks that he not be subjected to the grooming policies of the ODRC, which will allegedly require that he cut his hair in contravention of his First Amendment right to the free exercise of religion. *Id*. This matter is now before the Court on defendants' *Motion to Dismiss*, Doc. No. 8, and on plaintiff's *Motion for a Temporary Restraining Order*, Doc. No. 11.

---

[1] The United States Supreme Court held that RFRA is unconstitutional as applied to the states. *City of Boerne v. Flores*, 521 U.S. 507 (1997). In response to *Boerne*, Congress enacted the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. §2000cc *et seq*.

*Motion to Dismiss*

On March 26, 2008, defendants filed a motion to dismiss the action under F.R.Civ.P. 12(b)(1), (6), taking the position that plaintiff failed to exhaust his administrative remedies prior to instituting this action and that, in any event, plaintiff's claims are not yet ripe for resolution. *Motion to Dismiss*.

Under the Prison Litigation Reform Act of 1996 ("PLRA"), inmates challenging conditions of confinement may not file suit until they have exhausted administrative remedies available to them:

> No action shall be brought with respect to prison conditions under [section 1983 of this title], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. §1997e(a). In their *Motion to Dismiss*, defendants contend that plaintiff has failed to pursue the administrative remedy intended to address prison grievances, Ohio Admin. Code §5120-9-31,[2] and that the action should therefore be dismissed for failure to state a claim upon which relief can be granted. In response, plaintiff contends that the procedures established by that regulation are not yet available to him.

It is not apparent to this Court how plaintiff, who remains in the Licking County Justice Center, could utilize the procedures established by Ohio Admin. Code §5120-9-31. This Court therefore concludes that the action is not subject to dismissal for failure to exhaust available administrative remedies.

---

[2] The administrative exhaustion procedures available to prisoners in Ohio consist of three steps. *See* Ohio Admin. Code § 5120-9-31. First, an inmate must file an informal complaint. *Id.* If that complaint does not result in a satisfactory decision to the inmate, he can appeal the decision to the Inspector of Institutional Services. *Id.* Finally, if that appeal is found to be without merit, the inmate can appeal the decision to the Chief Inspector. *Id.*

2

Defendants also take the position that plaintiff's claim is not yet ripe for review by this Court. Specifically, defendants content that plaintiff's claims are premature:

> In this case the Plaintiff will only be in a position to exercise whatever rights he may have to grow Rastafarian dreadlocks while in an ODRC prison *if* a jury finds him guilty in his criminal case which will not be heard until at least July 2008, and *if* he then receives a sentence which commits him to the custody of the ODRC at a particular receiving institution.

*Motion to Dismiss*, at p.7 (emphasis in original). In his July 3, 2008, reply in support of his motion for a temporary restraining order, however, plaintiff offers evidence that he has now been convicted in at least one of the prosecutions against him and has been sentenced to a term of imprisonment in the custody of the ODRC. "Judgment Entry of Sentence", attached as Exhibit to *Reply*, Doc. No. 15. Thus, plaintiff asserts that he has overcome the ripeness contentions raised in the *Motion to Dismiss*. This Court agrees.

This Court therefore concludes that the *Motion to Dismiss*, Doc. No. 8, is without merit.

***Motion for Temporary Restraining Order***

On June 5, 2008, plaintiff filed a motion for a temporary restraining order seeking interim injunctive relief from application of Ohio Admin. Code §5120-9-25 to him.[3]  *Motion for Temporary*

---

[3] "Haircuts shall be provided as needed. Hair and hairstyles shall be clean, neatly trimmed and shall not extend over the ears or the shirt collar. Hair and hairstyle shall not protrude more than three inches from the scalp. Braids and plaits may be worn subject to the limitations of this rule. The following hairstyles or facial hair are not permitted: Initials, symbols, dyes, multiple parts, hair disproportionately longer in one area than another (excluding natural baldness), weaves, wigs, dreadlocks and shaved heads. Other hairstyles not specifically listed herein may be prohibited if they are determined to be either a threat to security or contrary to other legitimate penological concerns."  Ohio Admin. Code §5120-9-25(D).

*Restraining Order*, Doc. No. 11.  In response to that motion, defendants merely reassert the arguments presented in the motion to dismiss.  *Response in Opposition to Motion for Temporary Restraining Order*, Doc. No. 13.

The decision whether or not to issue a preliminary injunction falls within sound discretion of the district court. *Friendship Materials, Inc. v. Michigan Brick, Inc.*, 679 F.2d 100, 102 (6th Cir. 1982).  A preliminary injunction is an extraordinary remedy that requires the movantt to establish the following four factors:

> (1) whether the movant has a "strong" likelihood of success on the merits; (2) whether the movant would otherwise suffer irreparable injury; (3) whether issuance of a preliminary injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of a preliminary injunction.

*Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir.2000) (citing *McPherson v. Michigan High Sch. Athletic Ass'n*, 119 F.3d 453, 459 (6th Cir. 1997) (*en banc*), quoting *Sandison v. Michigan High Sch. Athletic Ass'n*, 64 F.3d 1026, 1030 (6th Cir. 1995)). Courts have often recognized that the first factor is traditionally of greater importance than the remaining three. *See Roth v. Bank of the Commonwealth*, 583 F.2d 527, 537 (6th Cir.1978)).  In fact, the United States Court of Appeals for the Sixth Circuit has held that, where it appears that the claimant has no chance of success on the merits of the claim, the Court may dismiss the motion for interim injunctive relief without considering the other three factors.  *See Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1249 (6th Cir. 1997). *See also Stanley v. Ohio Dep't of Rehab. & Corr.*, Case No. C2-02-178, 2002 U.S.

---

4

Dist. LEXIS 21996, *8-9 (S.D. Ohio August 12, 2002) (J. Sargus) (denying motion for injunctive relief after evaluation only of chance of success on the merits factor). This Court concludes that plaintiff has failed to establish a strong likelihood of success on the merits of his claim.

In order to state a colorable claim for violation of his First Amendment right to the free exercise of religion, an inmate must demonstrate that the allegedly infringing regulation is not reasonably related to a legitimate penological interest. *Turner v. Safley*, 482 U.S. 78, 89 (1987). Under RFRA, the government is prohibited from substantially burdening a person's exercise of religion unless doing so furthers a compelling governmental interest and it is the least restrictive means of furthering that interest. *Abdur-Rahman v. Michigan Dep't of Corrections*, 65 F.3d 489, 492 (6th Cir. 1995).

Ohio's prison regulation regarding hair length has been upheld in the face of challenges based on the First Amendment. *See, e.g., Pollack v. Marshall,* 845 F.2d 646 (6th Cir. 1988); *Hoevenaar v. Lazaroff*, 276 F.Supp. 2d 811 (S.D.Ohio 2003), *rev'd on other grounds*, 422 F.3d 366 (6th Cir. 2005). Moreover, the United States Court of Appeals for the Sixth Circuit has upheld Ohio Admin. Code §5120-9-25 in the face of a challenge under RLUIPA, the successor statute to RFRA. *Hoevenaar v. Lazaroff*, 422 F.3d 366, 371 (6th Cir. 2005)(prison officials "provided substantial evidence that the prison's regulations were the least restrictive means necessary of promoting prison safety and security.").

Under these circumstances, the Court concludes that plaintiff has failed to establish a strong likelihood of success on

5

the merits and that his *Motion for a Temporary Restraining Order,* Doc. No. 11, is therefore without merit.

It is therefore **RECOMMENDED** that defendants' *Motion to Dismiss*, Doc. No. 8, be denied and that plaintiff's *Motion for a Temporary Restraining Order*, Doc. No. 11, be denied.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within ten (10) days, file and serve on all parties objections to the *Report and Recommendation*, and the part thereof in question, as well as the basis for the objection thereto.  28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b). Responses to objections must be filed within ten (10) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn,* 474 U.S. 140 (1985);  *Harris v. City of Akron,* 20 F.3d 1396 (6th Cir. 1994);  *Smith v. Detroit Fed'n of Teachers, Local 231, Am. Fed'n of Teachers, AFL-CIO,* 829 F.2d 1370 (6th Cir. 1987).

|  |  |
|---|---|
| July 18, 2008 | s/ Norah McCann King |
| Date | Norah McCann King |
|  | United States Magistrate Judge |