**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**THEODORE LOVETTE JOHNSON,**

        **Plaintiff,**

   **vs.**                                **Civil Action 2:08-CV-226
                                                  Judge Smith
                                                  Magistrate Judge King**

**OHIO DEPARTMENT OF REHABILITATION
AND CORRECTIONS,** *et al.*,

        **Defendants.**

**OPINION AND ORDER**

      Plaintiff, an adherent of the Rastafarian faith, asserts claims under federal law asking that he not be subjected to the grooming policies of the Ohio Department of Rehabilitation and Correction, which allegedly require that he cut his hair in contravention of his First Amendment right to the free exercise of religion.  Named as defendants are the Ohio Department of Rehabilitation and Correction ["ODRC"], and certain of its officials.  On July 18, 2008, the United States Magistrate Judge issued a *Report and Recommendation* recommending that *Defendants' Motion to Dismiss*, Doc. No. 8, be denied and that *Plaintiff's Motion for a Temporary Restraining Order*, Doc. No. 11, likewise be denied.  *Report and Recommendation,* Doc. No. 16.  This matter is now before the Court on the *Defendants' Objection to the Report and Recommendation*, which the Court will consider *de novo.  See* 28 U.S.C. §636(b).

      In their motion to dismiss, defendants argued that plaintiff failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act of 1996 ["PLRA"] and that plaintiff's claims are not ripe for resolution because, at the time he filed the action, plaintiff was not in the custody of the ODRC.  In recommending that the motion to dismiss

be denied, the Magistrate Judge concluded that defendants had not established that the administrative remedies applicable to inmates in the custody of the ODRC, Ohio Admin. Code §5120-9-31, were available to plaintiff. *Report and Recommendation,* at p.2. Moreover, the Magistrate Judge rejected defendants' ripeness argument in light of plaintiff's subsequent conviction and sentence, which placed him in the custody of the ODRC. *Id.,* at p.3. In their objections, Doc. No. 18, defendants persist in their argument that the PLRA required plaintiff to exhaust the remedies available to Ohio inmates under Ohio Admin. Code §5120-9-31. However, they continue to fail to explain how such remedies were available to an inmate not yet in the custody of the ODRC but who seeks to challenge its policies. This Court concludes that the objection is without merit.

The *Report and Recommendation*, Doc. No. 16, is **ADOPTED** and **AFFIRMED.** *Defendants' Motion to Dismiss*, Doc. No. 8, is **DENIED;** *Plaintiff's Motion for a Temporary Restraining Order*, Doc. No. 11, is likewise **DENIED.**

The Court notes that correspondence from the Court sent to plaintiff at the address provided by him was returned in July 2008 with the notation "Return to Sender," or "Not Deliverable as Addressed/Unable to Forward." It therefore appears that plaintiff may have abandoned the prosecution of the claims asserted in this action. Plaintiff is **ORDERED TO SHOW CAUSE**, within ten (10) days, why the action should not be dismissed for want of prosecution.

                                                 s/George C. Smith
                                                  George C. Smith, Judge
                                                United States District Court